IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAVON A. JACKSON, : | |
| *Plaintiff,* : | |
| : | |
| v. : | CIVIL ACTION NO. 18-CV-3492 |
| : | |
| PHILADELPHIA DEMOCRATIC : | |
| PARTY, *et al.*, : | |
| *Defendants.* : | |

# MEMORANDUM

QUIÑONES ALEJANDRO, J.                                                                                   AUGUST 21, 2018

Plaintiff Lavon A. Jackson ("Jackson"), proceeding *pro se*, brings this civil action against the Philadelphia Democratic Party, Democratic Chair Mr. Robert Brady, "The 69 Ward Leaders that Represent the Residents for the City and County of Philadelphia," Treasurer Mr. Edgar Campbelle, and "Secretary." (ECF No. 2.) He has also filed a motion for leave to proceed *in forma pauperis*. (ECF No. 1.) For the following reasons, Jackson motion for leave to proceed *in forma pauperis* is granted, and his Complaint is dismissed with leave to amend.

## I.   FACTS

In his Complaint, Jackson mentions that he "tr[i]ed to challenge the Democratic [Party] in 2017." (Compl. at 3.)[1] He "knew something was wrong" when "the Board of Election[s] stated to [him that he] had to be a ward leader in order to do this." (*Id.*) Jackson alleges that this "is a violation of the principles for the Commonwealth of Pennsylvania" because "all ward leaders under the bylaws for the City and County [of Philadelphia] [are] suppose[d] to [publicize] all opens [sic] and assist the residents with the paperwork to run." (*Id.*) Jackson asked "the Democratic committee . . . for the date, location and time of the town hall meeting and was the

---

[1] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

1

ward leader paid to have these meeting[s] and the amount." (*Id.*). Jackson also vaguely alleges that his rights were violated "by officials of the Democratic party den[y]ing [him] the right to challenge the chair, a position that people of all races died for to give all Democrats who [are] register[ed] to have a choice of who best serve[s] the int[e]rest of the people." (*Id.* at 4.) According to him, these actions not only hurt him, but also "the thousand[s] of register[ed] voters that have no knowledge of the by-laws." (*Id.*) As relief, Jackson asks that "the election commissioner treasury and secretary . . . provide the courts with doc[]uments to show verifications of all alle[]gations made in this Complaint." (*Id.*) He also would "like to see all ex-Democratic mayor[s] to have a position as advis[o]rs for the Phila Democratic Party because they have the knowledge to communicate." (*Id.*) Jackson further asks that "city wide town hall meetings [be] held at the Convention Center" and that ward leaders work "full time with a[n] office in the ward they represent." (*Id.*)

Jackson has attached several documents to his Complaint, including a 2016 article regarding Philadelphia Commissioner Anthony Clark, copies of statements that Jackson submitted to a Ms. Sincere, copies of statements that Jackson submitted to the Department of Justice and the House Committee on Ethics, a request to have Michael Nutter attend an event, a list of ward leaders, the Rules of the Democratic Party for the Commonwealth of Pennsylvania, and the Rule of the Democratic Party of the City and County of Philadelphia.

## II. STANDARD OF REVIEW

Jackson is granted leave to proceed *in forma pauperis* because it appears that he is not able to pay the fees necessary to commence this action. Pursuant to 28 U.S.C. § 1915(e)(2)(B), however, a court is required to dismiss a complaint if it is frivolous, malicious, fails to state a claim, or seeks relief from an immune defendant. A complaint is frivolous if it "lacks an

arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Courts may dismiss a lawsuit pursuant to § 1915(e)(2)(B)(i) when a plaintiff lacks standing because, in those cases, there is no legal basis for the plaintiff's claims. *See Banks v. Buchanan*, 336 F. App'x 122, 123-24 (3d Cir. 2009) (*per curiam*); *Awala v. People Who Want to Restrict Our First Amendment Rights*, 164 F. App'x 215, 217 (3d Cir. 2005) (*per curiam*). Indeed, "[b]ecause standing is jurisdictional in nature, a court is required to raise questions of standing if not done so by the parties." *Marin v. Leslie*, 337 F. App'x 217, 219 (3d Cir. 2009) (*per curiam*).

In addition, Federal Rule of Civil Procedure ("Rule") 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

III. **DISCUSSION**

As an initial matter, the Court cannot determine whether Jackson has standing to pursue this case. "To have standing to bring a claim in federal court, a plaintiff must show, *inter alia*, that he has 'suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical.'" *Marin*, 337 F. App'x at 219 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Here, Jackson appears to take issue with the general operations of the Democratic Party.

3

Nothing in the Complaint, however, suggests that Jackson has suffered a "concrete and particularized" injury from those operations. Jackson's generalized grievances about the Party simply fail to confer standing upon him to bring this case.

Even if Jackson had established standing to bring this case, the Complaint fails to comply with Rule 8(a). Jackson vaguely asserts that "officials of the Democratic Party den[ied him] the right to challenge the chair." (Compl. at 4.) It appears that Jackson is attempting to rely on the voluminous attachments to his Complaint to provide a factual basis for this claim. To the extent that is his intent, the Complaint simply does not "provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficient informed to determine the issue." *Fabian*, 2017 WL 3494219, at *3 (quotations omitted). Furthermore, nothing in the Complaint sets forth how the named Defendants were responsible for violating Jackson's rights, whether due to their own misconduct or their deliberate indifference to known deficiencies in a policy or procedure that violated plaintiff's rights. *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 320 (3d Cir. 2014), *reversed on other grounds, Taylor v. Barkes*, 135 S. Ct. 2042 (2015).

## IV. CONCLUSION

For the reasons set forth, the Court will grant Jackson leave to proceed *in forma pauperis*. His Complaint is dismissed for lack of standing and for failure to comply with Rule 8(a). In light of Jackson's *pro se* status, this dismissal is without prejudice to Jackson's right to file an amended complaint in the event that he can establish that he has standing to pursue his claims and set forth a plausible claim for relief. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

**NITZA I. QUIÑONES ALEJANDRO, J.**