# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAVON A. JACKSON,<br>    *Plaintiff*, | : | |
| v. | : | CIVIL ACTION NO. 18-CV-3492 |
| PHILADELPHIA DEMOCRATIC<br>PARTY, *et al.*,<br>    *Defendants*. | : | |

## MEMORANDUM

**QUIÑONES ALEJANDRO, J.**                                                                                     **AUGUST 30, 2018**

On August 17, 2018, *pro se* Plaintiff Lavon A. Jackson filed a civil action against the Philadelphia Democratic Party, Democratic Chair Mr. Robert Brady, "The 69 Ward Leaders that Represent the Residents for the City and County of Philadelphia," Treasurer Mr. Edgar Campbelle, and "Secretary." (ECF No. 2.) He also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.)

By Memorandum and Order entered on August 21, 2018, the Court granted Jackson leave to proceed *in forma pauperis* and dismissed his Complaint for lack of standing and failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure. (ECF Nos. 4, 5.) Specifically, the Court noted that "Jackson's generalized grievances about the [Democratic] Party simply fail to confer standing upon him to bring this case." (ECF No. 4 at 4.) Also, "nothing in the Complaint set[] forth how the named Defendants were responsible for violating Jackson's rights." (*Id.*)

Subsequently, Jackson has filed four (4) documents: two "Statements" (ECF Nos. 6, 7), an Amended Complaint (ECF No. 8), and a "Statement of Facts" (ECF No. 9). For the following

1

reasons, the Court will treat these documents as a single Amended Complaint and dismiss the Amended Complaint. In light of Jackson's *pro se* status, this dismissal will be without prejudice to the Court providing Jackson a final opportunity to amend.

## I. FACTS

Jackson's Amended Complaint consists of several grievances regarding the operations of the Democratic Party in Philadelphia. He faults the "members" for failing to enact guidelines for residents who are interested in running for positions within the party to follow. (ECF No. 6 at 1.)[1] Jackson also mentions that he "was told [he has] to be a ward leader to challenge the chairman[']s position." (*Id.*) He mentions that the Secretary and Assistant Secretary "should have [minutes], dates, locations, and the time of all Democratic Party business." (*Id.*) Jackson also contends that Robert Brady and Michael Nutter have misused party funds. (*Id.* at 1-2.)

Jackson goes on to state that he is qualified to challenge the Democratic chairman because he was a candidate for Congress in 1978. (*Id.* at 3.) He was also a member of AFNA, and was offered membership in the National Museum of African-American History and Culture. (*Id.*) Jackson has also received "appreciation letters" from Barack Obama, James Kennedy, and Debbie Wasserman Schultz. (*Id.*) He was also an honorary delegate to the 2016 Democratic National Convention and a guest at the 2016 Rules Committee meeting. (*Id.*)

Jackson asserts that by telling him that he needed to be a ward leader to challenge the chairman, the Party "hinder[ed him] from being the leader that can make a differ[e]nce for all the people." (ECF No. 8 at 3.) He also contends that they "caused [him] a hardship with the traveling [he] had to do with the filing of the complaint and copies [he] had to make." (*Id.*)

---

[1] The Court uses the pagination assigned to Jackson's documents by the CM/ECF docketing system.

Jackson alleges that the Party reelected Brady as the chairman "without any input from the thousand[s] of registered voters." (*Id.*) He further asserts that the Party prevented "all Democrats who [are] registered here in the City and County of Philadelphia from having the political knowledge all of them [are] suppose[d] to provide for the Democrats who [are] register[ed] voters." (*Id.*)

Jackson also mentions that on August 27, 2018, he spoke to Anthony Clark at the Office of the Election Commissioner. (ECF No. 9 at 1.) Clark told Jackson that the Democratic Party for the City of Philadelphia does not have a secretary or a sergeant-at-arms. (*Id.*) Jackson contends that this is a violation of the Party's bylaws. (*Id.*)

Overall, it appears that Jackson is asserting that the various officers of the Philadelphia Democratic Party, including Robert Brady and the ward leaders, have conspired "to maintain their seats" because Brady "helps them either by being a ward leader or supporting [their] expense [account]." (ECF No. 8-1 at 4.) As relief, Jackson would like the records of the secretary and treasurer subpoenaed. (ECF No. 8 at 4.) He also wants the Court to permit the City to appoint temporary ward advisors and district advisors so that they "can unite before the November 2018 general election." (*Id.*) Jackson also asks that the various officers be directed to repay the Party back "for all money[] they receive for a job they never do[]." (*Id.*) He also requests an apology and compensation "for the trouble they have put [him] through." (*Id.*)

## II. STANDARD OF REVIEW

As noted above, the Court previously granted Jackson leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Amended Complaint if it is frivolous, malicious, fails to state a claim, or seeks relief from an immune defendant. A complaint is frivolous if it "lacks an arguable basis either in law or in fact."

3

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Courts may dismiss a lawsuit pursuant to § 1915(e)(2)(B)(i) when a plaintiff lacks standing because, in those cases, there is no legal basis for the plaintiff's claims. *See Banks v. Buchanan*, 336 F. App'x 122, 123-24 (3d Cir. 2009) (per curiam); *Awala v. People Who Want to Restrict Our First Amendment Rights*, 164 F. App'x 215, 217 (3d Cir. 2005) (per curiam). Indeed, "[b]ecause standing is jurisdictional in nature, a court is required to raise questions of standing if not done so by the parties." *Marin v. Leslie*, 337 F. App'x 217, 219 (3d Cir. 2009) (per curiam).

Furthermore, to survive dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the Amended Complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* As Jackson is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

## III. DISCUSSION

### A. Failure to Comply with Federal Rules of Civil Procedure 8 and 10

Although the Court has treated Jackson's four (4) documents collectively as his Amended Complaint, Jackson's filings again do not comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. The purpose of these rules is to make clear to the Court and the defendants the factual basis for a plaintiff's claims so that the defendants can meaningfully respond to those claims. *See, e.g., Fabian v. St. Mary's Med. Ctr.*, No. Civ.A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted); *Young v. Centerville Clinic, Inc.*, No. Civ.A. 09-325, 2009 WL 4722820, at *3 (W.D. Pa. Dec. 2, 2009) ("The purpose of Rule 10 is to create clarity in pleadings, which allows a defendant and the Court to determine whether there are sufficient facts to support a claim entitling a plaintiff to relief."). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011) ("Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' and 'a demand for the relief sought.'") (quoting Fed. R. Civ. P. 8(a)(2), (3)); *see also id.* ("Each averment must be 'simple, concise, and direct.'") (quoting Fed. R. Civ. P. 8(d)(1)). "This standard operates in tandem with that of Rule 10," which requires that a pleading contain a caption with the Court's name and the names of the parties, and that claims be listed in numbered paragraphs. *Fabian*, 2017 WL 3494219, at *3 (citing Fed. R. Civ. P. 10).

Rather than raising his allegations in a pleading with a caption and numbered paragraphs that conform to the Federal Rules of Civil Procedure, Jackson has submitted several documents and exhibits in piecemeal fashion. By presenting his claims in this manner, Jackson has made it difficult to understand the basis for his lawsuit and the nature of his claims against each defendant. No defendant could be expected to meaningfully respond to Jackson's filings without having to guess at his claims. Although the Amended Complaint could be dismissed on that basis alone, the Court has done its best to understand the gist of Jackson's allegations and will address his claims below.

### B. General Grievances About the Democratic Party

It appears that Jackson lacks standing to pursue many of the claims he raises in his Amended Complaint. "To have standing to bring a claim in federal court, a plaintiff must show, inter alia, that he has 'suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical.'" *Marin*, 337 F. App'x at 219 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). The majority of Jackson's Amended Complaint appears to consist of his grievances regarding the operations of the Democratic Party in Philadelphia. As noted above, he alleges that the Party is not following its bylaws and is not providing information to residents about how to run for positions within the Party. He also believes that the Party leaders have conspired to keep their seats. Nothing in the Amended Complaint, however, suggests that Jackson suffered a "concrete and particularized" injury from the Party's alleged failure to follow its bylaws and provide this information. Once again, Jackson's generalized grievances about the Party simply fail to confer standing upon him to bring these claims.

C.  **Right to Run for Office**

The only claim Jackson raises for which he would have standing is that he was prevented from challenging the chairman by running against him. However, from the way in which Jackson has pled his Amended Complaint, the Court cannot discern whether he has stated a plausible claim for relief at this time, as Jackson fails to identify who he believes prevented him from running for office and fails to provide facts to support his claim. In light of Jackson's *pro se* status, the Court will provide him one final opportunity to amend in the event that he can set forth a plausible claim regarding this claim.

IV.  **CONCLUSION**

For the foregoing reasons, the Court will grant Jackson leave to proceed *in forma pauperis* and dismiss his Amended Complaint. This dismissal will be without prejudice to Jackson's right to file a second amended complaint regarding his claim that he was prevented from running for office. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.