IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAVON A. JACKSON,<br>*Plaintiff,*<br><br>v.<br><br>PHILADELPHIA DEMOCRATIC<br>PARTY, *et al.*,<br>*Defendants.* | :<br>:<br>:<br>:     **CIVIL ACTION NO. 18-CV-3492**<br>:<br>:<br>:<br>: |

# MEMORANDUM

**QUIÑONES ALEJANDRO, J.**                                                       **SEPTEMBER 11, 2018**

On August 17, 2018, Plaintiff Lavon A. Jackson ("Jackson") proceeding *pro se* filed a civil action against the Philadelphia Democratic Party, Democratic Chair Mr. Robert Brady, "The 69 Ward Leaders that Represent the Residents for the City and County of Philadelphia," Treasurer Mr. Edgar Campbelle, and "Secretary." (ECF No. 2.) He also filed a motion for leave to proceed *in forma pauperis*. (ECF No. 1.)

By Memorandum and Order entered on August 21, 2018, this Court granted Jackson leave to proceed *in forma pauperis* and dismissed his Complaint for lack of standing and failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure. (ECF Nos. 4, 5.) Specifically, the Court noted that "Jackson's generalized grievances about the [Democratic] Party simply fail to confer standing upon him to bring this case." (ECF No. 4 at 4.) Also, "nothing in the Complaint set[] forth how the named Defendants were responsible for violating Jackson's rights." (*Id.*)

Subsequently, Jackson filed four (4) documents; to *wit*: two "Statements" (ECF Nos. 6, 7), an Amended Complaint (ECF No. 8), and a "Statement of Facts" (ECF No. 9). By

1

Memorandum and Order entered on August 30, 2018, this Court treated those documents as a single Amended Complaint and dismissed the Amended Complaint. (ECF Nos. 10, 11.) Specifically, this Court noted that the Amended Complaint failed to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure and that Jackson's generalized grievances about the Democratic Party "simply fail[ed] to confer standing upon him to bring these claims." (ECF No. 10 at 5-6.) This Court also noted that the only claim for which Jackson would have standing is a claim that he "was prevented from challenging the chairman by running against him." (*Id.* at 7.) However, this Court could not discern whether Jackson had stated a plausible claim for relief, as he "fail[ed] to identify who he believes prevented him from running for office and fail[ed] to provide facts to support his claim." (*Id.*) Jackson was granted leave to file a second amended complaint regarding his claim that he was prevented from running for office. (*Id.*)

On September 10, 2018, Jackson filed a Second Amended Complaint. (ECF No. 13.) Jackson names the Philadelphia Democratic Party, Mr. Robert Brady, Mr. Edgar Campbelle, Ms. Sincere Harris, "Secretaries and Sergeants-at-Arms," and Ward Leaders for the City and County of Philadelphia as party Defendants. Upon review, this Court concludes that this Second Amended Complaint fails to state a plausible claim for relief regarding Jackson's allegation that he was prevented from running for office. Accordingly, for the reasons set forth below, Jackson's Second Amended Complaint is dismissed.

**I.    FACTS**

Jackson's Second Amended Complaint consists of several grievances regarding the operations of the Democratic Party in Philadelphia. He contends that the chair violated his rights

by "den[ying him] the opportunity to challenge his position." (Second Am. Compl. at 2.)[1] He also faults Brady for "violat[ing] the oath he [took] for Congress." (*Id.*) Jackson also alleges that Defendants participated in a conspiracy and that they violated the bylaws of the Philadelphia Democratic Party. (*Id.* at 5-12.) According to Jackson, Defendants have failed to fill secretary and sergeant-at-arms positions, both of which are called for by the bylaws. (*Id.*) He suggests that Defendants have committed fraud and treason. (*Id.*) Jacksons asks that the Court subpoena "the names of the secretaries and the sergeant at arms and the records for all meetings these positions [are] suppose[d] to have." (*Id.* at 10.) He also asks that for a subpoena "verification to show that a Republican can nominate a Democrat or appoint a Democrat to a position that oversee[s] the by-laws for members of the Democratic ward leaders." (*Id.*)

As relief, Jackson seeks a meeting with an arbitrator so that he can help the chair "by correcting the by-laws." (*Id.* at 3.) He also asks for access to the largest room at the convention center so that a "city-wide meeting for the November 2018 election" can be held. (*Id.*) Jackson believes that if this meeting occurs, they "can give the Democrats that represent the city and county of Phila. a landslide in Nov. 2018." (*Id.*) He also mentions that Brady could make him his "chief district advisor so others can help all register[ed] Democrats to be united here in the city and county of Phila. in time for the November 2018 election." (*Id.*)

## II. STANDARD OF REVIEW

As noted above, this Court previously granted Jackson leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires this Court to dismiss the Second Amended Complaint if it is frivolous, malicious, fails to state a claim, or seeks relief from an

---

[1] The Court uses the pagination assigned to the Second Amended Complaint by the CM/ECF docketing system.

3

immune defendant. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Courts may dismiss a lawsuit pursuant to § 1915(e)(2)(B)(i) when a plaintiff lacks standing because, in those cases, there is no legal basis for the plaintiff's claims. *See Banks v. Buchanan*, 336 F. App'x 122, 123-24 (3d Cir. 2009) (per curiam); *Awala v. People Who Want to Restrict Our First Amendment Rights*, 164 F. App'x 215, 217 (3d Cir. 2005) *(per curiam)*. Indeed, "[b]ecause standing is jurisdictional in nature, a court is required to raise questions of standing if not done so by the parties." *Marin v. Leslie*, 337 F. App'x 217, 219 (3d Cir. 2009) *(per curiam)*.

To survive dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the Second Amended Complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* As Jackson is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Jackson's Second Amended Complaint simply fails to correct the defects noted in his initial Complaint and his first Amended Complaint. Once again, most of the Second Amended Complaint appears to consist of Jackson's many grievances about the operations of the Democratic Party in Philadelphia. As theis Court previously informed Jackson, "[t]o have standing to bring a claim in federal court, a plaintiff must show, inter alia, that he has 'suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical.'" *Marin v. Leslie*, 337 F. App'x 217, 219 (3d Cir. 2009) (per curiam) (quoting *Lujan v. Defenders of Wildlife*, 504

4

U.S. 555, 560 (1992)). Nothing in the Second Amended Complaint suggests that Jackson suffered a "concrete and particularized" injury from the Party's alleged failure to follow its bylaws. Once again, Jackson's generalized grievances about the Party simply fail to confer standing upon him to bring these claims.

Jackson also vaguely alleges that Defendants have committed fraud and treason. To the extent that Jackson is claiming that Defendants have violated criminal laws, those claims fail, as criminal statutes generally do not provide a basis for civil liability. *See Cent. Bank of Dover, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone[.]") Moreover, to the extent Jackson is asking this Court to investigate his claims by subpoenaing information, this Court notes that it does not investigate claims for parties.

Jackson has also not alleged a plausible claim for relief under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010). "[A] bare assertion of conspiracy will not suffice." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Rather, a plaintiff must allege in specific "terms the approximate time when the agreement was made, the specific parties to the agreement . . . , the period of the conspiracy, or the object of the conspiracy." *Great W. Mining & Mineral Co.*, 615 F.3d at 179. Thus, Jackson's conclusory allegations that Defendants have entered into a conspiracy do not suffice to state a plausible civil conspiracy claim under § 1983.

5

As noted above, the Court gave Jackson leave to amend regarding his allegation that he was prevented from running for office. In his Second Amended Complaint, Jackson vaguely alleges that the chair "denied [him] the opportunity to challenge his position." (Second Am. Compl. at 2.) This vague statement, however, is not sufficient to state a plausible claim for relief, as Jackson fails to provide facts to support his claim.

## IV. CONCLUSION

For the foregoing reasons, this Court will dismiss Jackson's Second Amended Complaint. As Jackson has been given two opportunities to amend and has not alleged anything that gives rise to a plausible claim for which he has standing, the Court concludes that further attempts to amend would be futile. An appropriate Order follows.

**NITZA I. QUIÑONES ALEJANDRO, J.**